David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

---

| | |
|---|---|
| Michael Mensah, Khalil Gauvin, Michael Taylor, and Maurice Christian, <br><br> Plaintiffs, <br><br> - against - <br><br> Action Carting Environmental Services, Inc., Action Environmental Solutions, LLC, Action Environmental Systems, LLC, The Action Environmental Group, Inc., Salvatore Falletta, William Falletta, and Falletta Carting Corp., <br><br> Defendants. | No. 16cv4544(RER) <br><br> **Amended Complaint** |

Plaintiffs, complaining of the Defendants by their attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

### I.   Introduction

1. This is an action for unpaid wages and overtime under the Fair Labor Standards Act; the New York Minimum Wage Act and New York Labor Law.  Plaintiffs also asserts a claim for violation of the Wage Theft Prevention Act.

2. In addition, this is an action to enforce a Judgment obtained in Case Number 15cv3227, *Mensah v. Falletta Carting Corp* (the "Prior Lawsuit").

### II.   Parties

3. Plaintiffs are natural persons.

3.    Defendant Falletta Carting Corp. ("Falletta Corp." or "Falletta Carting") is a New York corporation. Before it ceased operations in or about November of 2015, Falletta Carting operated a waste disposal service.

4.    Defendants Action Carting Environmental Services, Inc.; Action Environmental Solutions, LLC; The Action Environmental Group, Inc., and Action Environmental Systems, LLC (collectively, the "Action Defendants") are New York business entities except for The Action Environmental Group, Inc. which is a foreign business entities. The Action Defendants also operate a waste disposal service.

5.    Defendants Salvatore Falletta and William Falletta (collectively, the "Falletta Defendants") are natural persons. The Falletta Defendants were the owners and officers of Falletta Corp.

### III.   Venue and Jurisdiction

6.    The Court has subject matter jurisdiction over this matter in that Plaintiffs assert claims under federal law -- the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

7.    The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiffs out of their facility in Brooklyn, New York.

8.    Venue in the Eastern District is appropriate in that this matter arises from the employment of the Plaintiffs out of Falletta Corp.'s facility in Brooklyn, New York.

### IV.   Background - Employment of the Plaintiffs and the Prior Lawsuit

9    The Plaintiffs were employed by Falletta Corp., a waste disposal service for various time periods before Falletta ceased operations in or about November of 2015. More specifically, Mr. Mensah was employed as a laborer for approximately 8 months until his separation from employment in or about October of 2014; Mr. Gauvin was

2

employed by Falletta Corp. as a driver for approximately 4 years until Falletta Corp. ceased operations; Mr. Taylor was employed by Falletta Corp. as a driver on and off over the years however his final stint of employment was for approximately 3 years until Falletta Corp. ceased operations; Mr. Christian worked as a driver for approximately 1 1/2 years until Falletta Corp. ceased operations.

10. While employed by Falletta Corp., each Plaintiff would be paid a day rate, i.e. a set amount of money for a day's work even if the day exceeded 8 hours which regularly happened. A typical day's work would be greater than 10 hours and the Plaintiffs regularly worked 5 or 6 days per week.

11. The upshot of this pay arrangement was that when Plaintiffs worked in excess of 40 hours per week, they did not receive overtime pay.

12. Plaintiffs were never given Wage Theft Prevention Act disclosure by the Employer.

13. During this time and until approximately November of 2015, Falletta Corp. was owned and managed by the Falletta Defendants, who set pay rates; handed out work assignments; monitored the Plaintiffs' work; and generally controlled the Plaintiffs' terms and conditions of employment.

14. In or about March of 2015, Mr. Mensah retained counsel who sent a letter to Defendant Salvatore Falletta advising Falletta Corp. of Mr. Mensah's claims. The letter was faxed to Falletta Corp. on March 29, 2015.

15. On April 1, 2015 William Falletta called Plaintiff's counsel regarding the letter.

16. Subsequently, on June 3, 2015, Mr. Mensah filed the Prior Lawsuit in United States District Court against Falletta Corp. making similar allegations to those above.

17. Falletta Corp. was duly served on June 15, 2015 with the summons and complaint. In addition, in July of 2015 Mr. Mensah's counsel faxed a courtesy copy of

the summons and complaint to Defendant Salvatore Falletta, threatening to seek a default judgment if Falletta Corp. failed to appear or answer.

18. In or about July of 2015, Falletta Corp. retained counsel who contacted Mr. Mensah's counsel regarding the complaint.

19. Subsequently, Falletta Corp. finally served an Answer on or about October 2, 2015.

20. Thus, well before it ceased operations, Falletta Corp. was well aware that it was the subject of a lawsuit and that it potentially owed substantial amounts to its employees in back wages.

21. In any event, Mr. Mensah prevailed in the prior lawsuit and obtained a judgment in the amount of $20,761.50, none of which has been paid.

**V.    The Action Transaction**

22. In late 2015, after it was sued for unpaid wages, Falletta Carting through its principals entered into a transaction to transfer its assets to the Action Defendants (the "Action Transaction")

23. Thus, starting in or about July 2015, Falletta Carting was totally insolvent. Indeed, Falletta Carting did not even pay the bills of its attorney, Mr. Sasson, in the Prior Lawsuit.

24. In connection with the Action Transaction the documents of which are incorporated herein by reference, Falletta Carting transferred substantially all of its operations, intact, to the Action Defendants. This included (1) Falletta Corp's telephone number; (2) Falletta Corp.'s routes, customers, and equipment; and (3) the opportunity to employ substantially all of Falletta Corp.'s work force.

25. In return for this transfer, the Action Defendants entered into multi-year employment contracts with each of the Falletta Defendants. The employment contracts,

4

which are incorporated herein by reference, entailed substantial remuneration and bonuses totaling nearly a million dollars; did not specify any actual job duties for the Falletta Defendants; and indeed were explicitly intended to compensate the Falletta Defendants for the loss of revenue from the cessation of Falletta Corp.'s operations.

26. Thus, the Action Defendants transferred substantial assets away from Falletta Corp. in return for receiving assets from Falletta Corp. If these monies -- nearly a million dollars -- had been left with Falletta Corp. and not transferred to its owners, Falletta Corp. would have been able to pay the monies owed to Mr. Mensah and to the other Plaintiffs in the event they prevail.

27. In addition to the employment contracts described above, the Action Defendants were supposed to have transferred substantial monies to the order of Falletta Corp. Upon information and belief, these monies were diverted to the Falletta Defendants, again rendering Falletta Corp. unable to satisfy Mr. Mensah's judgment or those of the other Plaintiffs in the event that they prevail in this matter.

28. All of these transfers took place well after the Prior Lawsuit was a matter of public record and the Falletta Defendants were on notice of the relevant claims.

29. Falletta Corp. was dissolved in September of 2016 and has been insolvent since long before that.

**VI. Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

30. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

31. Plaintiffs were employees of the Falletta Corp. within the meaning of the New York Minimum Wage Act and accompanying regulations.

32. Falletta Corp. was an employer within the meaning of those same regulations.

33. Falletta Corp. violated the above law and regulations in that it did not properly compensate Plaintiffs for the hours or overtime hours they worked. Further, the Defendants violated the Labor Law by failing to give Plaintiff the proper disclosures.

34. Further, the Falletta Defendants are employers within the meaning of the same laws in that they acted in the interest of Falletta Corp; the Falletta Defendants are individually liable.

35. Further the Action Defendants are liable as successors in interest.

36. Notwithstanding the foregoing, Plaintiff Mensah is not asserting any claims in this count against Falletta Corp. since such claims were asserted and resolved in his earlier lawsuit.

## Count Two: Violation of the Fair Labor Standards Act

37. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

38. At all times relevant to this Complaint, Falletta Corp's gross annual sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39. Further, at all times relevant to this Complaint, Falletta Corp. had more than one employee who, in the course of their employment, regularly handled goods which crossed state or international lines or regularly sent communications such as telephone calls, letters, or electronic mail across state lines.

40 Accordingly, Falletta Corp. is a covered employer under the Fair Labor Standards Act.

41. Falletta Corp. violated the Fair Labor Standards Act in that it did not properly compensate Plaintiffs for the hours and overtime hours they worked.

6

42.	Further, the Falletta Defendants are employers within the meaning of the same laws in that they acted in the interest of Falletta Corp; the Falletta Defendants are individually liable.

43.	Further the Action Defendants are liable as successors in interest.

44.	Notwithstanding the foregoing, Plaintiff Mensah is not asserting any claims against Falletta Corp. in this count since such claims were asserted and resolved in his earlier lawsuit.

## Count III:	Breach of Fiduciary Duty

44.	As principals of an insolvent corporation, the Falletta Defendants owed a fiduciary duty to the Plaintiffs to safeguard Falletta Carting's assets in order to satisfy their wage claims.

45.	The Falletta Defendants breached their fiduciary duty by transferring Falletta Carting's business and assets away from Falletta Carting Corp..

WHEREFORE  Plaintiffs demand judgment against the Defendants in the amount of their unpaid back wages, overtime and liquidated damages, in an amount not more than $1,000,000.00 each which includes attorneys fees and costs, and such other and further relief that the Court deems just.

>	Respectfully submitted,
>
>	/s/ David Abrams
>
>	David Abrams
>	 Attorney for Plaintiffs
>	305 Broadway Suite 601
>	New York, NY 10007
>	Tel. 212-897-5821
>	Fax     212-897-5811

Dated: February 20, 2017
New York, New York